UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRENDA L HARRISON,<br><br>                *Plaintiff*,<br><br>   v.<br><br>NEW JERSEY TRANSIT BUS OPERATIONS, and Angel Marchione,<br><br>               *Defendants*. | Civil Action No.: 17-cv-7124 (PGS)<br><br>**MEMORANDUM AND ORDER** |

SHERIDAN, U.S.D.J.

This matter is before the Court on Defendants' motion to dismiss Plaintiff's Second Amended Complaint. (ECF No. 7).

I.

*Facts and Procedural History*

This matter was removed to this Court on September 15, 2017. The Second Amended Complaint was filed on September 26, 2017. Defendant filed this motion to dismiss on October 6, 2017 pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim.

The following facts were gathered from Plaintiff's Second Amended Complaint. On August 12, 2015, at 1:20 pm, Plaintiff boarded a New Jersey Transit bus in Camden, NJ (*2nd Amend. Compl.* at ¶5). Approximately 25 minutes later, the bus operator, Defendant Angel Marchione ("Marchione") pulled the bus over onto the shoulder on Interstate 676 and summoned the police in response to an altercation on the bus. (*Id.* at ¶7,9). Officers of Camden City Police

1

and the New Jersey Transit Police, as well as a New Jersey Transit Bus Operations supervisor, arrived to the scene at approximately 2:20 p.m. (*Id.* at ¶¶11-12). Plaintiff alleges that at that time, Marchione accused her of instigating the argument with another passenger. (*Id.* at ¶12) Plaintiff is an African American female. (*Id*. at ¶4). The other passenger involved was a Caucasian female. (*Id*. at ¶13). In response to what had been told, Officer Ciavino of the Camden City Police Department, boarded the bus and rode on the bus until Plaintiff's stop, at which point he alighted the bus with Plaintiff. (*Id*. at ¶17). The other female passenger remained on the bus to travel to her destination in Millville, NJ. (*Id.* at ¶18).

Plaintiff filed this suit against Defendants, Marchione and the NJ Transit Bus Operation ("NJT") alleging: (1) violations of 42 U.S.C. § 1983 and § 1981; (2) violation of NJLAD, N.J.S.A. 10:5-12(f)(1); (3) violation of N.J.S.A. 10:5-12(e); and (4) lastly arguing that she was unreasonably placed in "false light" before the public by the accusations made by Marchione. The Complaint does not state the nature and substance of the accusations by Plaintiff.

II.

*Standard of Review*

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions

cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir.), *cert. denied, Forbes v. Semerenko*, 531 U.S. 1149, 121 S. Ct. 1091 (2001). The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65 (internal citations and quotations omitted).

We review Plaintiff's Complaint pursuant to this standard.

III.

<u>COUNT I</u>

Plaintiff first brings a claim pursuant to 42 U.S.C. § 1983 and § 1981. Specifically she argues violations of "equal benefits" and "like punishment" clauses, arguing that the accusation that Plaintiff had been the aggressor in the circumstances, was "purposefully made on account of Plaintiff's race." (*Id.* at ¶25) She further contends that said accusation subjected her to disparate

treatment given that only her behavior was monitored on the bus by Officer Ciavino. (*Id*. at ¶26). The monitoring of her behavior on the bus by Officer Ciavino constituted a "pain" or "penalty" suffered by Plaintiff. (*Id.* at ¶27).

> In order to state a claim under § 1981, a plaintiff "must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in the statute, which includes the right to make and enforce contracts."

*Brown v. Philip Morris, Inc.,* 250 F.3d 789, 797 (3d Cir. 2001) (citation omitted).

Here, the Complaint does not contain sufficient factual evidence, to support a claim that is plausible on its face. While Plaintiff is a member of a racial minority, she has provided no evidence that Marchione's actions were guided by intent to discriminate, nor that her actions resulted in any discriminatory action.

There are no facts showing that Plaintiff was treated differently from the other passenger involved. The amended complaint does not allege that Plaintiff was arrested, detained, searched, questioned, called derogatory terms, nor subjected to racial insults. It does not provide any reasons that could have led Plaintiff to believe that Marchione's accusations were based solely on her race. Further, Plaintiff does not provide evidence she was treated differently from the other party involved in the incident. She does not provide details as to how she was monitored and if she was being monitored differently than the other party involved. The only evidence provided in support of her argument is that Officer Ciavino got off the bus at the same stop she did. This is not sufficient. Officer Ciavino boarded the bus to diffuse the situation. The Officer had no reason to remain on the bus once the parties were separated, therefore he exited the bus with Plaintiff, whose stop was before the other passenger's stop.

COUNT II AND III

Plaintiff brings a claim for violation of NJLAD, N.J.S.A. 10:5-12(f)(1), arguing that the accusations made by Marchione, subjected her to disparate treatment from the other Caucasian passenger, given that only her behavior was monitored after the incident. (*Id.* at ¶32). The monitoring constituted a denial of her "privilege" to ride a bus in privacy and violated NJLAD. (*Id*. at ¶33). She also alleges violations of N.J.S.A. 10:5-12(e).

The relevant sections state as follows. Section 10:5-12(f)(1) prohibits discrimination in a place of public accommodation.

> For any owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation directly or indirectly to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof, or directly or indirectly to publish, circulate, issue, display, post or mail any written or printed communication, notice, or advertisement to the effect that any of the accommodations, advantages, facilities, or privileges of any such place will be refused, withheld from, or denied to any person on account of the race, creed, color, national origin, ancestry, marital status, civil union status, domestic partnership status, pregnancy, sex, gender identity or expression, affectional or sexual orientation, disability, liability for service in the Armed Forces of the United States or nationality of such person, or that the patronage or custom thereat of any person of any particular race, creed, color, national origin, ancestry, marital status, civil union status, domestic partnership status, pregnancy status, sex, gender identity or expression, affectional or sexual orientation, disability, liability for service in the Armed Forces of the United States or nationality is unwelcome, objectionable or not acceptable, desired or solicited[.]

N.J.S.A. § 10:5-12(f)(1).

Section 10:5-12(e) makes it unlawful "[f]or any person, whether an employer or an employee or not, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this act, or to attempt to do so."

Here, again, Plaintiff's claims appear to be unsupported. She presents no facts supporting that she was denied access to a public accommodation based on her race. Again, she was not

5

detained, arrested, questioned, searched, involuntarily removed from the bus or denied access to the bus. Since she failed to support a violation of NJLAD, she cannot support a claim for aiding and abetting in a violation of the same.

COUNT IV

Lastly, Plaintiff argues that she was unreasonably placed in "false light" before the public by the accusations made by Marchione to the officer with regards to the argument that took place on the bus. (*Id.* at ¶¶36-37). In her opposition, Plaintiff conceded that this claim is barred by the applicable one-year statute of limitation. *See Smith v. Datla*, 164 A.3d 1110, 1119 (N.J. Super. Ct. App. Div. 2017).

VI.

For the reasons stated above, this Court finds that Plaintiff's Second Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Since this is the second amended complaint it would be futile to allow another amendment.

ORDER

This matter is before the Court on Defendants' motion to dismiss Plaintiff's Second Amended Complaint (ECF No. 7); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 21st day of November, 2017;

ORDERED that Defendants' motion to dismiss (ECF No. 7) is GRANTED.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.